# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------------X
DEREK RODRIGUEZ,

                            Plaintiff,

        -against-

VILLAGE OF PORT CHESTER, POLICE OFFICER
KEN MANNING, Shield No. 126, POLICE OFFICERS
JOHN DOE No. 1-5 and POLICE OFFICERS JANE
DOE No. 1-3

                     Defendants.
-----------------------------------------------------------------------X

Index No.:

Date Filed:

Plaintiff designates
Westchester County as the
place of trial.

**SUMMONS**

The basis of venue is
Plaintiff's place of residence.

**TO THE ABOVE-NAMED DEFENDANTS:**

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve
a copy of your answer, or if the Complaint is not served with this Summons, to serve a Notice of
Appearance, on the Plaintiff's attorney within twenty (20) days after the service of this
Summons, exclusive of the day of service or within thirty (30) days after service is complete if
this Summons is not personally delivered to you within the State of New York; and in case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the Complaint.

Dated:      White Plains, New York
            May 8, 2019

                                  Yours, etc.,

                                  LAW OFFICES OF
                                  FRANCIS X. YOUNG, PLLC
                                  By:

                                  _____
                                  FRANCIS X. YOUNG, ESQ.
                                  *Attorneys for Plaintiff,* DEREK RODRIGUEZ
                                  Office and Post Office Address
                                  11 Martine Avenue, 12th Floor
                                  White Plains, New York 10606
                                  (914) 285-1500

**Defendants' Addresses:**

VILLAGE OF PORT CHESTER
Corporation Counsel, Department of Law
222 Grace Church Street
Port Chester, New York 10573


POLICE OFFICER KEN MANNING, Shield No. 126
c/o Village of Port Chester Police Department
350 North Main Street, #1
Port Chester, New York 10573


POLICE OFFICERS JOHN DOE No. 1-5
c/o Village of Port Chester Police Department
350 North Main Street, #1
Port Chester, New York 10573


POLICE OFFICERS JANE DOE No. 1-3
c/o Village of Port Chester Police Department
350 North Main Street, #1
Port Chester, New York  10573

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------------------X

DEREK RODRIGUEZ,

<div style="margin-left:2em"></div>

                  Plaintiff,                **VERIFIED COMPLAINT**

    -against-

                                                          Index No.:

VILLAGE OF PORT CHESTER, POLICE OFFICER
KEN MANNING, Shield No. 126, POLICE OFFICERS     Date filed:
JOHN DOE No. 1-5 and POLICE OFFICERS JANE
DOE No. 1-3,

                 Defendants.

------------------------------------------------------------------------X

Plaintiff, DEREK RODRIGUEZ, complaining of the Defendants, by and through his attorneys, THE LAW OFFICES OF FRANCIS X. YOUNG, PLLC, as and for his Complaint, hereby alleges as follows:

### PRELIMINARY STATEMENT

(1)     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, 1985 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York for assault, battery, excessive force, conspiracy, malicious prosecution and violation of Plaintiff's civil rights against the VILLAGE OF PORT CHESTER, POLICE OFFICER KEN MANNING, Shield No. 126, individually and in his official capacity as Village of Port Chester Police Officer and POLICE OFFICERS JOHN DOE No. 1-5 and POLICE OFFICERS JANE DOE No. 1-3, individually and in their official capacity as Village of Port Chester Police Officers.

(2)     It is alleged that the Defendants committed assault, battery, excessive force, illegal seizure of the Plaintiff, violating his rights under the Fourth and Fourteenth Amendments of the United States Constitution and under state and federal common law. It is further alleged

that these violations and torts were committed as a result of the policies and customs of the Village of Port Chester and the Village of Port Chester Police Department.

## CONDITIONS PRECEDENT TO SUIT

(3)     Within ninety (90) days after the claim herein arose, a Notice of Claim was served upon the Defendant, VILLAGE OF PORT CHESTER, and at least thirty (30) days have elapsed since the service of the aforesaid Notice of Claim, and adjustment or payment thereof has been neglected or refused.

(4)     This action is being commenced within one year and ninety days after the happening of the events upon which the claim is based.

## THE PARTIES

(5)     Defendants POLICE OFFICER KEN MANNING, Shield No. 126,  POLICE OFFICERS JOHN DOE No. 1-5 and POLICE OFFICES JANE DOE No. 1-3 were at all times relevant to this complaint duly appointed and acting officers of the Village of Port Chester Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the Village of Port Chester and/or the Village of Port Chester Police Department.

(6)     Defendant VILLAGE OF PORT CHESTER is a municipal corporation organized and existing under the laws of the State of New York, and transacting business therein and the public employer of Defendants, POLICE OFFICER KEN MANNING, POLICE OFFICERS JOHN DOE No. 1-5 and POLICE OFFICERS JANE DOE No. 1-3.

(7)     Plaintiff DEREK RODRIGUEZ was at all material times a resident of the County of Westchester, State of New York.

## JURISDICTION AND VENUE

(8)     This Court has personal jurisdiction over the Defendant VILLAGE OF PORT CHESTER because it is a municipal corporation organized and existing under the laws of the State of New York, and transacting business therein.

(9)     This Court has personal jurisdiction over Defendant, POLICE OFFICER KEN MANNING, Shield No. 126, POLICE OFFICERS JOHN DOE No. 1-5 and POLICE OFFICERS JANE DOE No. 1-3, because they are employed by the VILLAGE OF PORT CHESTER.

(10)     This Court has subject matter jurisdiction over this action by virtue of its status as a Court of general jurisdiction.

## THE FACTS

(11)     On or about August 1, 2018, in the morning hours in the vicinity of 80 Poningo Street, Village of Port Chester and State of New York, Plaintiff, DEREK RODRIGUEZ was threatened, wrongfully restrained, retained, assaulted and battered, handcuffed, arrested and processed.

(12)  Plaintiff, DEREK RODRIGUEZ did not contribute to his own damages and is free of negligence or contributory conduct.

(13)     It is believed that the accusatory instrument was signed by POLICE OFFICER KEN MANNING, who is believed to be identified as Shield No. 126.

(14)     It is claimed Defendant, POLICE OFFICER KEN MANNING and others working with him at the Village of Port Chester Police Department did not have probable cause or justification to touch, assault, batter, detain and arrest.

the Plaintiff, DEREK RODRIGUEZ, and failed to properly investigate the facts preceding

Plaintiff's

(15)    Plaintiff, DEREK RODRIGUEZ, had neither physically resisted nor assaulted the

Defendant Police Officers in any way, and the force used against him was unnecessary,

unreasonable, and excessive.

(16)    As a direct and proximate result of the acts of Defendants, the Plaintiff DEREK

RODRIGUEZ suffered physical, mental, economic and emotional damages.

(17)    As a direct and proximate result of the actions of the Defendants, Plaintiff's

DEREK RODRIGUEZ's constitutional rights under the Fourth and Fourteenth Amendments to

the United States Constitution and state and federal common law were violated.  Specifically, the

following clearly established and well-settled state and federal common law and constitutional

rights of the plaintiff were violated:

        (a)    Freedom from the unreasonable seizure of his person;

        (b)    Freedom from the use of excessive, unreasonable, and unjustified force

against his person;

        (d)    Right of due process;

        (e)    Equal protection under the law;

<div align="center">

**COUNT I**
**42 U.S.C. § 1983**
**4th and 14th Amendments**

</div>

(18)    The Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs 1 through 17 of this Complaint with the same force and effect as if fully set forth

herein.

(19)   Plaintiff DEREK RODRIGUEZ claims damages for the injuries set forth above under 42 U.S.C. 1983 against Defendants, for violation of his constitutional rights under color of law including the Fourth and Fourteenth Amendments to the United States Constitution and state and federal common law.

## COUNT II
## 42 U.S.C. § 1985

(20)   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

(21)   Plaintiff DEREK RODRIGUEZ claims damages for the injuries set forth above under 42 U.S.C. § 1985 against Defendants for conspiring to violate his constitutional rights under color of law.

## COUNT III
## 42 U.S.C. § 1986

(22)   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein.

(23)   Plaintiff DEREK RODRIGUEZ claims damages for the injuries set forth above under 42 U.S.C. § 1986 against Defendants for Defendants' failure to intervene and prevent the aforesaid violation of Plaintiff's constitutional rights and conspiracy to commit same.

## Count IV
## Malicious Prosecution

(24)   The Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

(25)   Defendants' concerted actions, under color of law, caused Plaintiff to be maliciously prosecuted in violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and the laws of the State of New York.

(26)   As a result of the above, Plaintiff, DEREK RODRIGUEZ, suffered damages to his reputation, incurred legal fees, suffered mental and emotional trauma, lost his enjoyment of life and was deprived of his civil rights and personal liberty as protected by the United States Constitution and applicable Federal Statutes.

(27)   As a direct and proximate result of the foregoing actions, said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## Count V
42 U.S.C. § 1983 – Municipal Violations

(28)   The Plaintiff repeats, reiterates and realleges each and every allegation contained in 1 through 27 of this Complaint with the same force and effect as though fully set forth herein.

(29)   Prior to August 1, 2018 and since, the VILLAGE OF PORT CHESTER has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal use of force against civilians by police officers of its police department and illegal arrests by police officers of its police department. Although such illegal use of force was improper, the officers involved were not prosecuted, disciplined or subjected to restraint, and such incidents were in fact covered up with official claims that the use of force was justified and proper.   As a result, police officers of the VILLAGE OF PORT CHESTER were caused and encouraged to believe that civilian persons could be abused under the circumstances not requiring the use of excessive force, and that such conduce would in fact be permitted by the VILLAGE OF PORT CHESTER.

(30)    In addition to permitting a pattern and practice of abuse of civilian persons, the VILLAGE OF PORT CHESTER has failed to maintain a proper system for investigation of all incidents of unjustified beatings and excessive use of force by police officers.

(31)    The VILLAGE OF PORT CHESTER has maintained a system of review of unjustified and excessive use of force, and illegal arrests by police officers that has failed to identify the improper use of force by police officers and failed to subject officers who assault citizens to discipline, closer supervision or restraint and who illegally arrested citizens, to the extent that it has become the custom of the VILLAGE OF PORT CHESTER to tolerate the improper, illegal arrests and other wrongful actions by police officers.

(32)    Upon information and belief, specific flaws in the VILLAGE OF PORT CHESTER use of force review process include, but are not limited to, the following:

a.      Preparing reports regarding investigations of excessive force claims as routine point-by-point justifications of the police officer's actions, regardless of whether such actions are justified;

b.      Police officers investigations of excessive force claims systematically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.      Police officers investigating excessive force claims fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.      Supervisory police officers at times issue public statements exonerating police officers for excessive use of force and improper use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

c.      Reports in use of force cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

(33)    The foregoing acts, omissions, systemic flaws, policies and customs of the Defendant VILLAGE OF PORT CHESTER caused police officers of its police department to believe that excessive force and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers would most likely use excessive force in situations where such force is neither necessary nor reasonable.

(34)    As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendant VILLAGE OF PORT CHESTER, and Defendants, POLICE OFFICER KEN MANNING, Shield No. 126, POLICE OFFICERS JOHN DOE No. 1-5 and POLICE OFFICERS JANE DOE No. 1-3.      POLICE OFFICER KEN MANNING, Shield No. 126, POLICE OFFICES JOHN DOE No. 1-5 and POLICE OFFICERS JANE DOE No. 1-3 unjustifiably assault and detained Plaintiff DEREK RODRIGUEZ all in violation of his civil and constitutional rights and as a result of said acts Plaintiff has suffered from physical injury, psychological harm, mental distress, humiliation, embarrassment, fear and being prevented from attending his usual duties.

(35)    By permitting and assisting such a pattern of police misconduct, the VILLAGE OF PORT CHESTER has acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff DEREK RODRIGUEZ's rights as guaranteed under 42 U.S.C. §§ 1983 and 1985 as well as under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution; to wit, the Defendants POLICE OFFICER KEN MANNING, Shield No. 126, and POLICE OFFICERS JOHN DOE #1-5 and POLICE OFFICERS JANE DOE #1-3 were

encouraged by the VILLAGE OF PORT CHESTER to believe that their actions against the Plaintiff would be accepted without impunity, just as these actions have been so accepted to date.

(36)    As a consequence of Defendants' systemic practice, pattern and custom of intentionally promoting and supporting Officers' violations of 42 U.S.C. §§ 1983 and 1985, Plaintiff DEREK RODRIGUEZ was deprived of his freedom and physically harmed, to the extent of which he suffered from various injuries that required medical attention.

(37)    As a proximate cause of the VILLAGE OF PORT CHESTER's custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiff DEREK RODRIGUEZ said Plaintiff was further subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional wellbeing of the Plaintiff.

(38)    The Defendants POLICE OFFICER DEREK RODRIGUEZ and POLICE OFFICERS JOHN DOE #1-5 and POLICE OFFICERS JANE DOE #1-3 and VILLAGE OF PORT CHESTER had a duty under 42 U.S.C. §§1983 and 1985, as well as under the Fourth and Fourteenth Amendment, New York State Law, and their own rules and regulations to prevent and cease the assault on Plaintiff, as well as a duty to investigate, supervise and discipline Defendants POLICE OFFICER KEN MANNING, Shield No. 126, and POLICE OFFICERS JOHN DOE #1-5 and POLICE OFFICERS JANE DOE #1-3 and prevent other wrongful acts that were committed against Plaintiff DEREK RODRIGUEZ. Defendant OFFICERS breached said duty, by their actions and omissions as described in the preceding paragraphs.

(39)    That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim.

## COUNT VI
### Assault and Battery (Excessive Force)

(40)   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

(41)   Defendants POLICE OFFICER KEN MANNING, Shield No. 126, POLICE OFFICERS JOHN DOE No. 1-5 and POLICE OFFICERS JANE DOE No. 1-3 caused Plaintiff DEREK RODRIGUEZ to be assaulted and battered.

(42)   As a result of this assault and battery, Plaintiff was forced to endure physical and emotional pain and suffering.

(43)   Plaintiff claims damages for the physical and emotional pain and suffering incurred as the result of said assault and battery.

(44)   As a result of the above, Plaintiff, DEREK RODRIGUEZ, suffered personal injuries, suffered mental and emotional trauma, and was deprived of his civil rights and personal liberty as protected by the United States and New York State Constitution and applicable Federal and New York State statutes.

### ATTORNEYS FEES

(45)   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

(46)   Plaintiff is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff, DEREK RODRIGUEZ, requests that this Court grant judgment to him containing the following relief:

(1)    Award compensatory damages to Plaintiff against the Defendants, jointly and

severally;

(2)    Award costs of the action to the Plaintiff;

(3)    An award to Plaintiff of his actual damages;

(4)    An award to Plaintiff of reasonable attorney fees;

(5)    An award to Plaintiff of punitive damages; and

(6)    Such other and further relief as this Court may deem just, proper and equitable.

Dated:    White Plains, New York
May 8, 2019

Respectfully yours,

LAW OFFICES OF
FRANCIS X. YOUNG, PLLC
BY:

FRANCIS X. YOUNG
*Attorneys for Plaintiff*
    *DEREK RODRIGUEZ*
Office and Post Office Address
11 Martine Avenue, 12th Floor
White Plains, New York 10606
(914) 285-1500

BLACKSTONE STATIONERS, INC. 79 EMJAY BLVD., BRENTWOOD, N.Y. 11717 · 800-632-2273

**STATE OF NEW YORK, COUNTY OF** ss:

*Individual Verification* ❑ deponent is the , being duly sworn, deposes and says, that:
, in the within action; has read the foregoing
and knows the contents thereof;

*Corporate Verification* ❑ deponent is the of the corporation in the within action; has read the foregoing
and knows the contents thereof;

*Attorney's Affirmation* ❑ the undersigned is an attorney admitted to practice in the courts of New York; is the attorney of record for the
in the within action; has read the foregoing
and knows the contents thereof; the same is true to affirmant's own knowledge, except as to those matters said to be upon information and belief and as to those matters, affirmant believes it to be true. This verification is made by affirmant because

The grounds of affirmant's belief as to matters not stated upon affirmant's own knowledge are as follows:

the same is true to deponent's own knowledge, except as to those matters said to be upon information and belief and as to those matters, deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows:

Affirmed this day of , 20 ........................................................................
(*Print Name Beneath Signature*)

Sworn to before me this
day of , 20 ........................................................................
(*Print Name Beneath Signature*)

*Certification by Attorney* ❑ the undersigned is an attorney admitted to practice in the courts of New York and certifies that the within

has been compared by the undersigned with the original and found to be a true and complete copy.

Dated day of , 20 ........................................................................
(*Print Name Beneath Signature*)

**STATE OF NEW YORK, COUNTY OF** ss:

,being duly sworn, deposes and says, that deponent is not a party to this action, is over 18
years of age and resides at ; that on the day of , 20 ,
deponent served the within
*Affidavit of Personal Service* ❑ upon personally, by delivering a true copy thereof to h . Deponent knew the
person served to be the person mentioned and described in said papers.
*Affidavit of Service By Mail* ❑ upon attorney for in this action, at
the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in a post-office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York.
*Service by Electronic Means* ❑ by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid official depository under the exclusive care and custody of the United States Postal Service, addressed to the attorney at the address set forth after the name.
*Overnight Delivery Service* ❑ by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of
for overnight delivery, prior to the latest time designated by that service for overnight delivery.

Sworn to before me this day of , 20 ........................................................................
(*Print Name Beneath Signature*)

FRANCIS X. YOUNG, PLLC

| Index No. | Year 20 |
| --- | --- |
| **57470/2019** | |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

**DEREK RODRIGUEZ,**

                                                                **Plaintiff,**

           **-against-**

**VILLAGE OF PORT CHESTER, POLICE OFFICER KEN MANNING, Shield No. 126,**
**POLICE OFFICERS JOHN DOE No. 1-5 and POLICE OFFICERS JANE DOE  No. 1-3,**

                                                  **Defendants.**

### SUMMONS and COMPLAINT

LAW OFFICES OF
## FRANCIS X. YOUNG, PLLC

Attorney(s) for  Plaintiff

Office and Post Office Address, Telephone

11 MARTINE AVENUE, 12TH FLOOR
WHITE PLAINS, NEW YORK 10606
TELEPHONE: (914) 285-1500
FAX: (914) 285-0055

**To**

**Attorney(s) for**

**Service of a copy of the within**                          **is hereby admitted.**

**Dated,**

           **Attorney(s) for**                          .....................................

**Sir: Please take notice**

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                          20

☐ *NOTICE OF SETTLEMENT*
that an order                          of which the within is a true copy will be presented for
settlement to the HON.                          one of the judges

of the within named Court, at
on the                 day of                 20        at        M.

Dated,

<u>COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a</u>

To the best of the undersigned's knowledge, information and belief formed
after an inquiry reasonable under the circumstances, the within document(s)
and contentions contained herein are not frivolous as defined in 22 NYCRR
§130-1.1-a.

Yours, etc.
LAW OFFICES OF
**FRANCIS X. YOUNG, PLLC**

Attorney(s) for  Plaintiff
Office and Post Office Address

11 MARTINE AVENUE, 12TH FLOOR
WHITE PLAINS, NEW YORK 10606
TELEPHONE: (914) 285-1500
FAX: (914) 285-0055

**To**

**Attorney(s) for**

**STATEMENT OF SERVICE BY MAIL AND ACKNOWLEDGMENT OF RECEIPT BY MAIL OF SUMMONS AND COMPLAINT OR SUMMONS WITH NOTICE OR NOTICE OF PETITION AND PETITION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
DEREK RODRIGUEZ,

                           Plaintiff,

      -against-

VILLAGE OF PORT CHESTER, POLICE OFFICER
KEN MANNING, Shield No. 126, POLICE OFFICERS
JOHN DOE #1-5 and POLICE OFFICERS
JANE DOE #1-3,

                        Defendants.
-------------------------------------------------------------------X

**STATEMENT OF
SERVICE BY MAIL**

**Index No. 57470/2019**

Date Filed: 05-09-2019

**STATEMENT OF SERVICE BY MAIL**

**To:   VILLAGE OF PORT CHESTER
       CORPORATION COUNSEL, DEPARTMENT OF LAW
       222 Grace Church Street
       Port Chester, New York  10573**

      The enclosed Summons and Complaint, or Summons with Notice, or Notice of Petition and Petition, and Notice of Commencement of Action Subject to Mandatory Electronic Filing, are served pursuant to Section 312-a of the Civil Practice Law and Rules.

      To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form, and mail or deliver one copy of the completed form to the sender, within thirty (30) days from the date you receive it. If you wish to consult an attorney, you should do so as soon as possible, before the thirty (30) days expire.

      If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) may be required to pay expenses incurred in servicing the Summons and Complaint, or Summons with Notice, or Notice of Petition and Petition, and Notice of Commencement of Action Subject to Mandatory Electronic Filing, in any other manner permitted by law, and the cost of such service, as permitted by law, may be entered as a judgment against you.

      If you have received a Complaint or Petition with this Statement, the return of this Statement and Acknowledgment does not relieve you of the necessity to answer the Complaint or Petition.  The time to answer expires twenty (20) days after the day you

mail this form to the sender.  If you wish to consult with an attorney, you should do so as soon as possible, before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature, your relationship to the entity.  If you are served on behalf of another person, and you are authorized to receive process, you must indicate your authority under your signature.

It is a crime to forge a signature or to make a false entry of this statement or on the acknowledgment.

Dated:      White Plains, New York
            May 14, 2019


                        LAW OFFICES OF
                        FRANCIS X. YOUNG, PLLC
                        by:


                        _____
                        FRANCIS X. YOUNG
                        Attorneys for Plaintiff, DEREK RODRIGUEZ
                        11 Martine Avenue, 12th Floor
                        White Plains, New York 10606
                        (914) 285-1500

**ACKNOWLEDGMENT OR RECEIPT OF SUMMONS AND COMPLIANT
OR SUMMONS WITH NOTICE OR NOTICE OF PETITION AND PETITION
and NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY
ELECTRONIC FILING**

I received a Summons and Complaint, or Summons with Notice, or Notice of Petition and Petition, and Notice of Commencement of Action Subject to Mandatory Electronic Filing, in the above-captioned matter.

PLEASE CHECK ONE OF THE FOLLOWING; IF (2) IS CHECKED, COMPLETE AS INDICATED.

(1) /    /        I am not in the military service.
(2) /    /        I am in military service, and my rank, serial number and branch of service are as follows:

                            Rank:
                            Serial Number:
                            Branch of Service:

Date: _____        _____
                                      Signature

                                      _____
                                      Print Name

                                      _____
                                      Relationship to Entity/Authority to
                                      Receive Service of Process if applicable

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
DEREK RODRIGUEZ,

                              Plaintiff,

        -against-                                         Index No.: 57470/2019

VILLAGE OF PORT CHESTER, POLICE OFFICER
KEN MANNING, Shield No. 126, POLICE OFFICER
JOHN DOE No. 1-5 and POLICE OFFICERS
JANE DOE No. 1-3,

                              Defendants.
-------------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule§ 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within thee-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.govl.

Dated: 05/14/2019

FRANCIS X YOUNG
Name

Firm Name  LAW OFFICES OF
FRANCIS X. YOUNG, PLLC\        l

11 Martine Avenue, 12th Floor
Address

White Plains. NY 10606
City, State, and Zip

914-285-1500
Phone

fxy@younglawny.com E-Mail

To:

VILLAGE OF PORT CHESTER
POLICE OFFICER KEN MANNING, Shield No. 126
POLICE OFFICERS JOHN DOE No. 1-5
POLICE OFFICERS JANE DOE No. 1-3

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** WESTCHESTER
-----------------------------------------------------------------x
DEREK RODRIGUEZ,

                Plaintiff/Petitioner,

     - against -                      Index No. 57470/2019

VILLAGE OF PORT CHESTER, POLICE OF

               Defendant/Respondent.
-----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

     1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

     2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

         - serving and filing your documents electronically

         - free access to view and print your e-filed documents

         - limiting your number of trips to the courthouse

         - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: <u>www.nycourts.gov/efile-unrepresented</u> or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at <u>www.nycourts.gov</u>

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: May 9, 2019

FRANCIS X. YOUNG, ESQUIRE
Name

LAW OFFICES OF FRANCIS X. YOU
Firm Name

11 Martine Avenue, 12th Floor
Address

White Plains, New York 10606

(914) 285-1500
Phone

fxy@younglawny.com
E-Mail

To:   VILLAGE OF PORT CHESTER

POLICE OFFICER KEN MANN

POLICE OFFICERS JOHN DO

6/6/18

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: May 9, 2019

FRANCIS X. YOUNG, ESQUIRE
Name

LAW OFFICES OF FRANCIS X. YOU
Firm Name

11 Martine Avenue, 12th Floor
Address

White Plains, New York 10606

(914) 285-1500
Phone

fxy@younglawny.com
E-Mail

To:   VILLAGE OF PORT CHESTER

POLICE OFFICER KEN MANNI

POLICE OFFICERS JOHN DOE

6/6/18

**STATEMENT OF SERVICE BY MAIL AND ACKNOWLEDGMENT OF
RECEIPT BY MAIL OF SUMMONS AND COMPLAINT OR SUMMONS
WITH NOTICE OR NOTICE OF PETITION AND PETITION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------------X
DEREK RODRIGUEZ,

|  |  |
|---|---|
| Plaintiff, | **STATEMENT OF** |
| -against- | **SERVICE BY MAIL** |
|  | **Index No. 57470/2019** |
| VILLAGE OF PORT CHESTER, POLICE OFFICER | Date Filed: 05-09-2019 |

VILLAGE OF PORT CHESTER, POLICE OFFICER
KEN MANNING, Shield No. 126, POLICE OFFICERS
JOHN DOE #1-5 and POLICE OFFICERS
JANE DOE #1-3,

Defendants.
-------------------------------------------------------------------------X
**STATEMENT OF SERVICE BY MAIL**

**To:   VILLAGE OF PORT CHESTER
        CORPORATION COUNSEL, DEPARTMENT OF LAW
        222 Grace Church Street
        Port Chester, New York  10573**

The enclosed Summons and Complaint, or Summons with Notice, or Notice of Petition and Petition, and Notice of Commencement of Action Subject to Mandatory Electronic Filing, are served pursuant to Section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form, and mail or deliver one copy of the completed form to the sender, within thirty (30) days from the date you receive it. If you wish to consult an attorney, you should do so as soon as possible, before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) may be required to pay expenses incurred in servicing the Summons and Complaint, or Summons with Notice, or Notice of Petition and Petition, and Notice of Commencement of Action Subject to Mandatory Electronic Filing, in any other manner permitted by law, and the cost of such service, as permitted by law, may be entered as a judgment against you.

If you have received a Complaint or Petition with this Statement, the return of this Statement and Acknowledgment does not relieve you of the necessity to answer the Complaint or Petition.  The time to answer expires twenty (20) days after the day you

mail this form to the sender.  If you wish to consult with an attorney, you should do so as soon as possible, before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature, your relationship to the entity.  If you are served on behalf of another person, and you are authorized to receive process, you must indicate your authority under your signature.

It is a crime to forge a signature or to make a false entry of this statement or on the acknowledgment.

Dated:        White Plains, New York
              May 14, 2019


                        LAW OFFICES OF
                        FRANCIS X. YOUNG, PLLC
                        by:


                        _____
                          FRANCIS X. YOUNG
                        Attorneys for Plaintiff, DEREK RODRIGUEZ
                        11 Martine Avenue, 12th Floor
                        White Plains, New York 10606
                        (914) 285-1500

**ACKNOWLEDGMENT OR RECEIPT OF SUMMONS AND COMPLIANT**
**OR SUMMONS WITH NOTICE OR NOTICE OF PETITION AND PETITION**
**and NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY**
**ELECTRONIC FILING**

I received a Summons and Complaint, or Summons with Notice, or Notice of Petition and Petition, and Notice of Commencement of Action Subject to Mandatory Electronic Filing, in the above-captioned matter.

PLEASE CHECK ONE OF THE FOLLOWING; IF (2) IS CHECKED, COMPLETE AS INDICATED.

(1) /   /      I am not in the military service.
(2) /   /      I am in military service, and my rank, serial number and branch of service are as follows:

                        Rank:
                        Serial Number:
                        Branch of Service:

Date: _____      _____
                                        Signature

                                        _____
                                        Print Name

                                        _____
                                        Relationship to Entity/Authority to
                                        Receive Service of Process if applicable